**PACIFIC INDEMNITY COMPANY,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

**Civ. No. 898.**

United States District Court,
E. D. North Carolina,
New Bern Division.

Jan. 25, 1975.

Ellis Nassif, F. Kent Burns, Boyce, Mitchell, Burns & Smith, Raleigh, N. C., Robert E. Badger, McBreen, Tobin & Gelpi, New Orleans, La., for plaintiff.

Thomas P. McNamara, U. S. Atty., by Jack B. Crawley, Jr., Asst. U. S. Atty., Raleigh, N. C., Joseph T. Cook, Trial Atty., Torts Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM, ORDER AND OPINION

LARKINS, District Judge:

Defendant has renewed its Motion to Dismiss this action pursuant to Rule 41(b) for the failure of the plaintiff to prosecute its claim in this action.

Defendant's Motion under Rule 41(b) was filed on July 17, 1974. In ruling upon that Motion on October 4, 1974, the Court acknowledged the plaintiff's dilatoriness and general failure to fulfill its obligation to prosecute its case, but denied the Motion upon assurance by plaintiff that a Pre-Trial Order would be submitted and the case prepared for trial as soon as possible.

Now the matter has again come before the Court on defendant's renewed Motion to Dismiss, filed on December 7, 1974. Plaintiff has taken no action since the Court's Order of October 4, and I can only conclude that they do not take their claim seriously.

The Federal Rules of Civil Procedure, including Rule 41, apply to all parties, and the United States as defendant is in no different position than any other party. It has a right to have law-

suits against it prosecuted with vigor, and it too is harassed and prejudiced when a plaintiff files a suit but does not press forward for a determination on the merits.

One counsel for plaintiff has been beset with personal and medical problems of significant magnitude in past months, and with this the Court can sympathize. But the record reflects that plaintiff has been represented by at least three different attorneys or firms at all times during the history of this case. Yet they have not even answered the defendant's most recent Motion to Dismiss filed more than a month ago.

It is clear that if the Pacific Indemnity Company seriously thought that they could recover, they would have pressed for trial. They have not done so. To leave this case open would be to foster a charade, and to unfairly inconvenience and harass the defendant.

Now therefore, in accordance with the foregoing, it is:

Ordered, that defendant's Motion to Dismiss be, and the same is, hereby granted and:

Further ordered that the Clerk serve copies of this Order upon counsel of record.

Let this order be entered forthwith.